UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY RUST, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a business organization form unknown; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-2349-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion to Amend Plaintiff's Complaint filed by Plaintiff Peggy Rust. (ECF No. 22).

**I.　BACKGROUND**

　　On December 5, 2019, Plaintiff Peggy Rust filed a Complaint against Defendants Target Corporation ("Target") and Does 1 through 10 in the Superior Court for the State of California, County of San Diego. (Ex. A to Notice of Removal, ECF No. 1-3 at 3). Rust brings one claim against Defendants for negligence under section 1714(a) of the California Civil Code arising from a slip and fall at a Target store in Chula Vista.

　　On December 2, 2020, Defendant Target removed the action to this Court. (ECF No. 1). On December 5, 2020, Rust filed a Motion to Remand to State Court. (ECF No. 6). On

February 16, 2021, the Court issued an Order denying the Motion to Remand. (ECF No. 18).

On March 4, 2021, Rust filed a Motion to Amend Plaintiff's Complaint. (ECF No. 22). Rust seeks leave to amend the Complaint to add a claim for punitive damages under section 3294 of the California Civil Code and to add factual allegations. Rust contends that the Court should allow amendment because "the Updated Joint Discovery Plan, signed by counsel for both parties, included Plaintiff's stated intent to amend . . . to add new claims[,] . . . [and] Defendant interposed no objection . . . ." (ECF No. 22-1 at 2).

On March 22, 2021, Target filed an Opposition to the Motion to Amend Plaintiff's Complaint. (ECF No. 26). Target's "only objection is that the pleading improperly contains 'Doe Defendants' which are not permitted in Federal Court." (*Id.* at 2). Target contends that inclusion of the Doe Defendants is futile because their identities are unknown and cannot be identified through discovery.

The docket reflects that Rust did not file any reply.

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of

showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### III.   RULING OF THE COURT

In the Complaint, Rust alleges that alleges that on April 5, 2019, she slipped and fell in a large puddle of spilled cleaning solution while shopping at a Target store in Chula Vista, causing injury. The proposed amended complaint adds allegations that Rust incurred medical bills related to surgery exceeding $152,000.00. The proposed amended complaint adds allegations that Target failed to record any inspections of the aisle where Rust fell and intentionally allowed a dangerous condition to develop. The proposed amended complaint adds a claim for punitive damages under section 3294 of the California Civil Code.

"[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Doe Defendants were included in the original Complaint, and Rust does not seek to add additional Doe Defendants in the proposed amended complaint. The Court will defer consideration of the challenges to the merits of the proposed amended complaint until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). Target has not made "a strong showing" that

it would be prejudiced by the amendment or that the remaining *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted).

IT IS HEREBY ORDERED that the Motion to Amend Plaintiff's Complaint (ECF No. 22) is granted. Rust shall file the proposed amended complaint attached to the Motion (ECF No. 22-2) within five (5) days of the date of this Order.

DATED: April 8, 2021

Hon. William Q. Hayes
United States District Court