UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY RUST, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a business organization form unknown; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-2349-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion for Summary Judgment filed by Defendant Target Corporation. (ECF No. 47).

## I.  BACKGROUND

　　On April 8, 2021, Plaintiff Peggy Rust filed an Amended Complaint against Defendants Target Corporation ("Target") and Does 1 through 10. (ECF No. 30). Plaintiff alleges that on April 5, 2019, she slipped and fell in a "large spill of a cleaning solution" at a Target store in Chula Vista. (*Id.* ¶ 7). Plaintiff alleges that she suffered injuries to her nervous system, back, and legs that required surgery. Plaintiff brings one claim against Defendants for negligence under section 1714(a) of the California Civil Code. Plaintiff

seeks damages, medical expenses, and costs. Plaintiff further seeks punitive damages against Defendant Target under section 3294 of the California Civil Code.

On August 3, 2021, Defendant Target filed an Answer. (ECF No. 46). The parties engaged in fact discovery.

On August 18, 2021, Defendant Target filed a Motion for Summary Judgment. (ECF No. 47). Target asserts that Plaintiff "cannot meet her burden to prove the necessary element of her claim [] that Target breached its duty of care," because there is no evidence that Target "unreasonably delayed in correcting the allegedly defective condition in the store" after receiving actual notice of the condition. (ECF No. 47-1 at 4).

On September 3, 2021, Plaintiff filed an Opposition to the Motion for Summary Judgment. (ECF No. 48). Plaintiff asserts that Target breached its duty of care because Target had "actual and constructive notice of the spill that caused Plaintiff's fall" in "sufficient time to clean [the spill] or warn Plaintiff before her fall." (ECF No. 48-1 at 10).

On September 13, 2021, Target filed a Reply. (ECF No. 49).

On December 21, 2021, the Court heard oral argument on the Motion for Summary Judgment.

## II. FACTS

At all relevant times, Defendant Target "maintained, controlled, managed and operated the business premises known as the Target Corporation store located at 1240 Broadway" in Chula Vista, California. (ECF No. 47-2 ¶ 1). On April 5, 2019, Plaintiff Peggy Rust "was a customer and invitee" at the Target store in Chula Vista. (*Id.* ¶ 2). Plaintiff slipped and fell in a puddle while walking down an aisle at the Target store, suffering injuries that required surgery. A "Guest Incident Report" was prepared, which stated that Plaintiff "slipped on a big puddle" in "Aisle A-10." (ECF No. 48-9 at 2). The Guest Incident Report was signed by Plaintiff and included the printed name of Target employee "Katie Castillo (Service & engagement lead)." (*Id.*).

Plaintiff states in a Declaration that after she fell, it took her approximately six minutes to "figure out what happened; to decide to get up; [and] to use the cart to assist [her] in getting up." (ECF No. 48-2 ¶ 10). Plaintiff testified at her deposition that "a lady that worked [at Target]" came into the aisle "about a minute or so" after Plaintiff got up from the ground. (ECF No. 47-9 at 14; *see id.* ("She came around the corner as soon as I got up and out of the puddle.")).

Target employee Katie Castillo states in a Declaration:

> At approximately 1:30 p.m. on April 5, 2019, I was standing in the main aisle of the Target store just center of all the cash registers. . . . At that time, a male guest approached me and stated that he had spilled some bleach in the bleach aisle. I knew right away what aisle the bleach was located in and immediately walked to Aisle A-9 . . . and saw that Plaintiff had just fallen. . . . I immediately called for the "Code Green" which references a guest incident and the Leader on Duty responded.

(ECF No. 47-3 ¶¶ 2-5).[1]

Plaintiff propounded Form Interrogatories to Target that stated, in relevant part:

FORM INTERROGATORY NO. 12.7

> Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:
>
> (a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by code of Civil Procedure sections 2034.210-2034.310); and
> (b) the date of the inspection.

RESPONSE TO FORM INTERROGATORY NO. 12.7

> . . .
> YES

---

[1] In the Opposition to Target's Motion for Summary Judgment, Plaintiff objected to the Declaration of Katie Castillo on the grounds that the Declaration is based on speculation, lack of personal knowledge, and inadmissible hearsay. (ECF No. 48-4). At the oral argument on December 21, 2021, counsel for Plaintiff withdrew the objection. (*See* ECF No. 55 at 33-34 ("THE COURT: Is there any objection to the Court receiving in evidence the declaration of Ms. Castillo, yes or no? MR. CONKEY: All right. The Court could receive it.")).

(a) Target does not know the name of any individual who made an Inspection of the aisle where plaintiff fell. There are no documented records of any "Inspection" of the area in which the incident occurred (e.g., there are no "sweep sheets" showing when and who went through the area at any given time). Target Team members are all trained to constantly inspect all areas of the store and it does not know the names of any individuals who inspected the scene of the INCIDENT.

(b) Target does not know the date of an Inspection of the aisle where plaintiff fell. There are no documented records of any "Inspection" of the area in which the incident occurred (e.g., there are no "sweep sheets" showing when and who went through the area at any given time). Target Team members are all trained to constantly inspect all areas of the store every day and it does not know the date and time of any inspections other than to say that the areas of the store are constantly inspected by all team members throughout every day the store is open.

(ECF No. 48-13 at 2-3).

## III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). Where the party moving for summary judgment does not bear the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at

325; *see also United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542-43 (9th Cir. 1989) ("[O]n an issue where the plaintiff has the burden of proof, the defendant may move for summary judgment by pointing to the absence of facts to support the plaintiff's claim. The defendant is not required to produce evidence showing the absence of a genuine issue of material fact with respect to an issue where the plaintiff has the burden of proof. Nor does Rule 56(c) require that the moving party support its motion with affidavits or other similar materials negating the nonmoving party's claim." (citations omitted)).

If the moving party meets the initial burden, the burden shifts to the opposing party to show that summary judgment is not appropriate. *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324. The nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient."). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (citations omitted). The nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *See Anderson*, 477 U.S. at 256.

"In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015)). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial,' and summary judgment is appropriate." *Zetwick*, 850 F.3d at 441 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

**IV.   DISCUSSION**

Defendant Target asserts that it is entitled to summary judgment because Plaintiff "cannot prove that Target failed to remediate the [dangerous] condition within a reasonable

amount of time" after Target received actual notice of the condition. (ECF No. 47-1 at 5). Target contends that the undisputed facts demonstrate that Target employee Katie Castillo "diligently attempted to address" the condition "immediately upon receiving notice of the condition" from a customer. (*Id.* at 7). Target contends that "[w]ithout credible evidence tending to show Target unreasonably delayed in correcting the allegedly defective condition in the store, Plaintiff cannot meet her burden to prove the necessary element of her claim [] that Target breached its duty of care owed to her." (*Id.* at 4).

Plaintiff contends that Target is not entitled to summary judgment because Target had "actual and constructive notice of the spill that caused Plaintiff's fall" in "sufficient time to clean [the spill] or warn Plaintiff before her fall." (ECF No. 48-1 at 10). Plaintiff contends that Target's responses to Plaintiff's Form Interrogatories are "evidence . . . that all Team Members were inspecting the scene of the incident of Plaintiff's fall throughout the day and that Target Team Members had both 'actual' and 'constructive' knowledge of the spill at the exact moment a hypothetical Target customer spilled bleach in the aisle." (*Id.* at 8).

"It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). A store owner is negligent under California law when the owner breaches its duty, causing injury to its patrons. *See id.* ("In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages."); *see also* Cal. Civ. Code § 1714(a) ("Everyone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . .").

"[W]here the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it." *Ortega*, 26 Cal. 4th at 1206 (citing *Louie v. Hagstrom's Food Stores*, 81 Cal. App. 2d 601, 607 (1947)). "[T]he owner's actual or

6

20-cv-2349-WQH-DEB

constructive knowledge of the dangerous condition is a key to establishing" that the owner breached its duty to exercise reasonable care. *Id*.

> The fact alone that a dangerous condition existed at the time the accident occurred will not warrant an inference that the defendant was negligent. There must be some evidence, direct or circumstantial, to support the conclusion that the condition had existed long enough for the proprietor, in the exercise of reasonable care, to have discovered and remedied it.

*Girvetz v. Boys' Market, Inc.*, 91 Cal. App. 2d 827, 829 (1949).

The plaintiff has the burden to prove that the store owner had actual or constructive notice of the dangerous condition. *See Ortega*, 26 Cal. 4th at 1212; *c.f. id.* at 1206 (the store owner does not have the burden "of proving lack of notice"). Where there is no evidence that the store owner had actual notice of the dangerous condition, the plaintiff may prove that the store owner had constructive notice by: (1) presenting evidence that the "dangerous condition [] existed long enough for a reasonably prudent person to have discovered it," *id.* at 1207 (citing *Louie*, 81 Cal. App. 2d at 608); or (2) presenting evidence that an inspection of the premises "was not made within a reasonable time before the accident," *Moore v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 472, 479 (2003); *see Ortega*, 26 Cal. 4th at 1203, 1209.

In this case, Plaintiff slipped and fell in a puddle while walking down an aisle at the Target store in Chula Vista on April 5, 2019. Plaintiff states in a Declaration that it took her approximately six minutes to get up after she fell. Plaintiff testified at her deposition that "a lady that worked [at Target]" came into the aisle "about a minute or so" after Plaintiff got up from the ground. (ECF No. 47-9 at 14; *see id.* ("She came around the corner as soon as I got up and out of the puddle.")). Target employee Katie Castillo states in a Declaration that at approximately 1:30 p.m. on April 5, 2019, "a male guest approached [her] and stated that he had spilled some bleach in the bleach aisle." (ECF No. 47-3 ¶ 3). Castillo states that she "immediately" walked to the aisle and "saw that Plaintiff had just fallen." (*Id.*). In response to Plaintiff's Form Interrogatories, Defendant Target responded that "[t]here are no documented records of any 'Inspection' of the area in which the incident

occurred," and "Target Team members are all trained to constantly inspect all areas of the store every day." (ECF No. 48-13 at 2). Target responded, "[T]he areas of the store are constantly inspected by all team members throughout every day the store is open." (*Id.* at 3).

Defendant Target has come forward with evidence that Target employee Katie Castillo received actual notice of the dangerous condition from a Target customer and immediately went to address the condition. Plaintiff has failed to come forward with evidence that Target unreasonably delayed in remedying the dangerous condition after receiving actual notice. *See Girvetz*, 91 Cal. App. 2d at 829 (the defendant's negligence in defective condition cases "is founded upon [the defendant's] failure to exercise ordinary care in remedying the defect after he has discovered it"). Plaintiff has further failed to come forward with evidence that Target had constructive notice of the dangerous condition in sufficient time to correct it before Plaintiff fell. There is no evidence in the record as to how long the puddle was on the floor before Plaintiff fell. *See Ortega*, 26 Cal. 4th at 1206 ("[S]peculation and conjecture with respect to how long a dangerous condition has existed are insufficient to satisfy a plaintiff's burden."). There is no evidence in the record that an inspection of the premises was not made within a reasonable time before Plaintiff fell. Target's responses to Plaintiff's Form Interrogatories, which generally describe Target's inspection practices, do not support an inference that any employee on duty at the time of the incident actually discovered or should have discovered the dangerous condition before Plaintiff fell.

Viewing the facts in the light most favorable to Plaintiff, no reasonable juror could conclude that Target unreasonably delayed in remedying the dangerous condition after receiving actual notice. Further, no reasonable juror could conclude that Target had constructive notice of the dangerous condition prior to Plaintiff's fall. The Court concludes that Target has met its burden to demonstrate that there is a lack of evidence to support Plaintiff's claim that Target breached its duty to exercise reasonable care. Plaintiff has

failed to meet her burden to designate specific facts showing that there is a genuine issue for trial. Target's Motion for Summary Judgment is granted.

## V.  CONCLUSION

IT IS HEREBY ORDERED that Defendant Target's Motion for Summary Judgment (ECF No. 47) is granted. The Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff and shall close the case.

Dated: January 18, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court